Richard J. Zuromski, Jr. (Bar No. 227569)
Jon-Patrick A. Jones (Bar No. 333173)
**SEIFERT ZUROMSKI LLP**
201 Mission Street, Suite 1200
San Francisco, CA  94105
Telephone:       415-293-7966
Facsimile:        415-293-8001
Email: rzuromski@szllp.com

Attorneys for Plaintiff Robert Stang

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT STANG, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>TEAL DRONES, INC., a Utah corporation; GEORGE MATUS, an individual; and DOES 1-15, inclusive,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR BREACH OF CONTRACT, CONVERSION, UNJUST ENRICHMENT, BREACH OF FIDUCIARY DUTY**<br><br>**DEMAND FOR TRIAL BY JURY** |

Plaintiff Robert Stang ("**PLAINTIFF**") hereby complains against Defendants Teal Drones, Inc. ("**TEAL DRONES**") and George Matus ("**MATUS**"), collectively referred to as "**DEFENDANTS**," and, demanding trial by jury, seeks relief as follows:

## NATURE OF THE ACTION

1. This action seeks damages arising from DEFENDANTS' breach of contract and unlawful conversion and sale of corporate shares that PLAINTIFF purchased from TEAL DRONES pursuant to a valid and enforceable written contract. In 2015, PLAINTIFF invested cash and intellectual property in TEAL DRONES, an early-stage company formed by MATUS that designed and manufactured remote-controlled drones and accessories. In return PLAINTIFF received 150,000 shares of common stock in TEAL DRONES. TEAL DRONES was, at all relevant times, majority-owned and controlled by MATUS.

2. For several years, DEFENDANTS maintained custody of the 150,000 shares of common stock purchased by PLAINTIFF. On or around July 13, 2021, non-party Red Cat Holdings, Inc. ("**RED CAT**") acquired TEAL DRONES and purchased all of TEAL DRONES' outstanding common and preferred stock for equity valued at $14,000,000, plus up to $30,000,000 in additional incentive payments over the next 24 months. In connection with this sale, DEFENDANTS wrongfully converted PLAINTIFF's 150,000 shares of TEAL DRONES stock and kept the value received from RED CAT for those shares. DEFENDANTS have refused to give PLAINTIFF the proceeds from their sale of his TEAL DRONES common stock. PLAINTIFF has been harmed and seeks an award of damages to compensate him for the value he should have received in connection with the acquisition of TEAL DRONES.

## THE PARTIES

3. PLAINTIFF is an individual who, at all relevant times, resided in San Francisco, California.

4. Defendant TEAL DRONES is a Delaware corporation which, at all relevant times, had its principal places of business at 5200 South Highland Drive, Suite 201, Halladay, Utah 84117 and/or 1578 Bowden Circle, Salt Lake City, Utah 84117. At all relevant times, TEAL DRONES transacted business throughout the United States. TEAL DRONES negotiated the

contract at issue in this case in San Francisco, California. TEAL DRONES was formerly known as iDrone, Inc. ("**IDRONE**") until October 5, 2016, when the Utah Secretary of State approved an application filed by MATUS to change the name of iDrone, Inc. to Teal Drones, Inc. IDRONE and TEAL DRONES are therefore the same entity and those names as used herein refer to the same entity.

5. Defendant MATUS is an individual who, at all relevant times, resided in Salt Lake County, Utah. MATUS regularly did business as TEAL DRONES / IDRONE at 5200 South Highland Drive, Suite 201, Halladay, Utah 84117 and/or 1578 Bowden Circle, Salt Lake City, Utah 84117. At all relevant times, MATUS was the President, Chief Executive Officer, majority owner, and registered agent of IDRONE / TEAL DRONES. MATUS negotiated the contract at issue in this case in San Francisco, California.

6. Non-party RED CAT is a publicly-traded Nevada corporation which, at all relevant times, had its principal place of business in San Juan, Puerto Rico.

7. At all times mentioned herein, MATUS and TEAL DRONES acted as the principal, agent, or representative of each other, and in doing the acts herein alleged, each was acting within the course and scope of the agency relationship with each other, and with the permission and ratification of each other. In particular, MATUS shared a unity of interest and ownership TEAL DRONES and, throughout the relevant period, unilaterally controlled TEAL DRONES such that their separate personalities no longer exist. Separating the acts of DEFENDANTS would sanction a fraud, promote injustice, or cause an inequitable result.

8. DEFENDANTS operated as a common enterprise when engaging in the acts and practices alleged below, the purpose of which is and was to engage in the causes of action alleged in this Complaint. MATUS formulated, directed, controlled, had the authority to control, and/or participated in the acts and practices of TEAL DRONES.

## JURISDICTION

9. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000 and there is diversity of citizenship between the parties. PLAINTIFF is a citizen of California. TEAL DRONES is a citizen of

Delaware and Utah.  MATUS is a citizen of Utah.

**VENUE**

10. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to PLAINTIFF'S claim occurred in this District.

11. This action should also be assigned to the San Francisco division of the United States District Court for the Northern District of California pursuant to Rule 3-2(c) of the Civil Local Rules because a substantial part of the events or omissions giving rise to the claim occurred in San Francisco.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

*Plaintiff Acquires Rights To Teal Drones Common Stock*

12. In or around 2014, MATUS (who was 17 at the time) founded a start-up company in Salt Lake City, Utah to design and manufacture remote-controlled "drones," which are flying robots that can be controlled remotely by a human operator or autonomously by software. Around the same time, MATUS incorporated IDRONE under the laws of Delaware as the corporate vehicle for his new business.

13. PLAINTIFF is an entrepreneur who has co-founded several start-up technology companies, served as an executive to several small and mid-sized companies, and invested in a number of early-stage start-up companies.  Beginning in 2015, PLAINTIFF and MATUS met in San Francisco, California on many occasions to discuss MATUS' vision for the IDRONE technology and products.  During those meetings, PLAINTIFF informed MATUS that PLAINTIFF was interested in MATUS's vision and offered to share his expertise as a seasoned investor and manager of start-up companies to help MATUS achieve his product vision and grow the new company.  PLAINTIFF also possessed valuable patents, trademarks, copyrights, ideas and inventions that would be useful to MATUS and IDRONE to build commercially successful products.

14. On or around November 23, 2015, PLAINTIFF and IDRONE (through MATUS) entered into a written Restricted Stock Purchase Agreement ("**RSP AGREEMENT**").  The

parties had California counsel draft the RSP AGREEMENT.  A true and correct copy of the RSP Agreement is attached hereto as **Exhibit A**.

15. Pursuant to the RSP AGREEMENT, PLAINTIFF agreed to purchase 150,000 shares of IDRONE common stock at a price of $0.05 per share for an aggregate price of $7,500. In return, PLAINTIFF would pay $1.50 of the purchase price in cash and would pay the balance in the form of a business plan and intellectual property rights, including but not limited to patents, trademarks, copyrights, ideas, and inventions that would be valuable to MATUS' nascent business.

16. Paragraph 6(I) of the RSP AGREEMENT vested in PLAINTIFF "all of the rights of a stockholder of [IDRONE] with respect to the Shares from and after the date that [PLAINTIFF] delivers a fully executed copy of [the RSP AGREMENT] and fully payment for the Shares to [IDRONE], and until such time as [PLAINTIFF] disposes of his Shares in accordance with [the RSP AGREEMENT]."

17. Paragraph 6(D) of the RSP AGREEMENT bound any successor to IDRONE ("whether direct or indirect and whether by purchase, merger, consolidation, liquidation or otherwise") to assume all obligations under the RSP AGREEMENT and to agree expressly to perform IDRONE's obligations under the agreement "in the same manner and to the same extent as [IDRONE] would be required to perform such obligations in the absence of a succession."

18. Paragraph 6(A) of the RSP AGREEMENT included a choice of law clause applying California substantive laws.  The RSP AGREEMENT also contained in Paragraph 6(B) an integration clause confirming that the written contract represented the entire agreement between PLAINTIFF and IDRONE.

19. Paragraph 6(F) of the RSP AGREEMENT contained an anti-waiver provision, meaning that neither party's failure to enforce any provision of the agreement would be construed as a waiver of any such provision and would not prevent that party from thereafter enforcing any provision of the agreement.

20. PLAINTIFF performed all acts and conditions required by the RSP AGREEMENT, including by delivering the required cash and all tangible embodiments of the

intellectual property to IDRONE by the closing date in November 2015.  PLAINTIFF received all of the rights of a holder of 150,000 shares of common stock in IDRONE as of that date.  PLAINTIFF did not receive the physical shares or certificates reflecting his ownership of 150,000 shares of common stock.  On information and belief, MATUS and/or IDRONE retained sole custody of the physical certificates of shares for the benefit of PLAINTIFF.  MATUS and IDRONE were not permitted by the RSP AGREEMENT to transfer or dispose of PLAINTIFF's 150,000 shares without PLAINTIFF's express consent.

### *iDrone, Inc. Changes Its Name to Teal Drones, Inc.*

21. On or around October 5, 2016, IDRONE filed with the Utah Secretary of State a request to change the name of the corporation to Teal Drones, Inc.  The Secretary of State granted the name change request.  The change of the corporation's name from iDrone, Inc. to Teal Drones, Inc. did not affect the corporate shareholder structure or any of PLAINTIFF's rights under the RSP AGREEMENT.

### *Matus and Teal Drones Convert Plaintiff's Shares And Breach The RSP Agreement*

22. Over the subsequent years, and with the benefit of PLAINTIFF's early investment of a business plan and intellectual property rights, TEAL DRONES grew into a successful company.  For example, in 2020, TEAL DRONES secured a contract to supply drones to the U.S. Department of Defense and other government entities.

23. As the result of its growth, TEAL DRONES attracted interest as a potential acquisition target for larger and more established drone technology companies.  In July 2021, the publicly-traded company RED CAT announced that it had entered into a merger agreement with TEAL DRONES whereby TEAL DRONES would merge into and become a wholly-owned subsidiary of RED CAT.  Under this deal, TEAL DRONES agreed to sell all of its outstanding common and preferred stock to RED CAT in return for shares of RED CAT common stock valued at $14,000,000.  Additionally, TEAL DRONES would receive rights to incentive payments of up to $30,000,000 over the next 24 months contingent on TEAL DRONES meeting certain sales milestones.

24. On information and belief, MATUS and/or TEAL DRONES transferred to RED

CAT the 150,000 shares of common stock that PLAINTIFF purchased and owned under the RSP AGREEMENT.  MATUS and/or TEAL DRONES received from RED CAT valuable consideration in return for the 150,000 shares that they stole from PLAINTIFF.  On information and belief, DEFENDANTS obtained at least $1,000,000, and possibly up to $5,000,000, from their improper conversion and sale of PLAINTIFF's 150,000 shares of Teal Drones common stock.  PLAINTIFF should have received this value in connection with the RED CAT acquisition of TEAL DRONES.

25. On or around December 20, 2021, PLAINTIFF contacted MATUS to inquire about the status of his shares in TEAL DRONES in light of the company's reported acquisition by RED CAT.  MATUS ignored and did not respond to PLAINTIFF's inquiry.  As of this filing, PLAINTIFF has not received anything of value from TEAL DRONES or MATUS in relation to the 2021 acquisition of TEAL DRONES by RED CAT.  Nor has PLAINTIFF received any notice pursuant to the RSP AGREEMENT concerning any change of status of the 150,000 shares that he owns under the agreement.

**FIRST CAUSE OF ACTION**
**(Breach of Contract by All Defendants)**

26. PLAINTIFF incorporates herein by reference the allegations in paragraphs 1-25 of this Complaint.

27. The RSP AGREEMENT is a valid and enforceable written contract between PLAINTIFF and TEAL DRONES (which is the same entity as IDRONE).

28. PLAINTIFF has fully or substantially performed all acts, services, and conditions required by the RSP AGREEMENT, and PLAINTIFF's performance fully satisfied the obligations he undertook pursuant to the RSP AGREEMENT.  Any conditions required for TEAL DRONES's performance have occurred.

29. TEAL DRONES breached the RSP AGREEMENT by failing to honor and uphold PLAINTIFF's rights as a stockholder of TEAL DRONES under the RSP AGREEMENT.

30. As a direct and proximate result of TEAL DRONES's breach of the RSP AGREEMENT, PLAINTIFF has suffered, and continues to suffer, damages in an amount to be

determined at trial, but not less than an amount in excess of $1,000,000 and possibly up to $5,000,000.

31. MATUS is, and at all relevant times was, the alter ego of TEAL DRONES. MATUS controls TEAL DRONES and wrongfully caused TEAL DRONES to fail to perform its obligations under the RSP AGREEMENT, including its failure to honor and uphold PLAINTIFF's rights as holder of 150,000 shares of common stock in TEAL DRONES. As a result, MATUS shares joint and several liability to PLAINTIFF resulting from TEAL DRONES's breach of the RSP AGREEMENT.

## SECOND CAUSE OF ACTION
### (Breach of Corporate Charter by All Defendants)

32. PLAINTIFF incorporates herein by reference the allegations in paragraphs 1-31 of this Complaint.

33. Under Utah law, a corporate charter is a contract between the corporation and its stockholders. A cause of action for breach of contract may be asserted for the wrongful cancellation, transfer, or alienation of shares of stock.

34. PLAINTIFF purchased 150,000 shares of common stock in TEAL DRONES and, as a result, formed a contract with TEAL DRONES.

35. TEAL DRONES breached the contract by wrongfully transferring PLAINTIFF's shares to RED CAT without PLAINTIFF's consent and without providing fair compensation to PLAINTIFF for the value of his shares.

36. As a direct and proximate result of TEAL DRONES's breach of the contract, PLAINTIFF has suffered, and continues to suffer, damages in an amount to be determined at trial, but not less than an amount in excess of $1,000,000 and possibly up to $5,000,000.

37. MATUS is, and at all relevant times was, the alter ego of TEAL DRONES. MATUS controls TEAL DRONES and wrongfully caused TEAL DRONES to fail to perform its obligations under the corporate charter, including its wrongful conversion and transfer of PLAINTIFF's corporate stock. As a result, MATUS shares joint and several liability to PLAINTIFF resulting from TEAL DRONES's breach of the corporate charter.

## THIRD CAUSE OF ACTION
### (Unjust Enrichment by All Defendants)

38. PLAINTIFF incorporates herein by reference the allegations in paragraphs 1-37 of this Complaint.

39. PLAINTIFF provided valuable consideration to TEAL DRONES, including but not limited to a business plan and intellectual property valued at the time to be worth 150,000 shares of common stock in TEAL DRONES.

40. PLAINTIFF provided these valuable materials and services in justifiable reliance on TEAL DRONES's promises to compensate PLAINTIFF with 150,000 shares of common stock in TEAL DRONES, including any appreciation in value those shares might enjoy during the growth of the TEAL DRONES business with the benefit of the business plan and intellectual property provided by PLAINTIFF.

41. TEAL DRONES and/or MATUS have been unjustly enriched by retaining PLAINTIFF's 150,000 shares of common stock and selling those shares to RED CAT. TEAL DRONES and/or MATUS have been unjustly enriched in an amount to be determined at trial, but not less than an amount in excess of $1,000,000 and possibly up to $5,000,000.

42. MATUS is, and at all relevant times was, the alter ego of TEAL DRONES. MATUS controls TEAL DRONES and wrongfully caused TEAL DRONES to unjustly retain the valuable common stock representing value provided by PLAINTIFF. MATUS has also personally and financially benefited from TEAL DRONES's unjust enrichment. As a result, MATUS shares joint and several liability to PLAINTIFF resulting from TEAL DRONES's unjust enrichment.

## FOURTH CAUSE OF ACTION
### (Conversion by All Defendants)

43. PLAINTIFF incorporates herein by reference the allegations in paragraphs 1-42 of this Complaint.

44. PLAINTIFF owned and had a right to possess 150,000 shares of common stock in TEAL DRONES.

45. TEAL DRONES substantially interfered with PLAINTIFF's property by knowingly or intentionally taking possession of PLAINTIFF's shares and selling them to RED CAT in connection with RED CAT's July 2021 acquisition of TEAL DRONES.

46. PLAINTIFF did not consent of the transfer or sale of his common stock to RED CAT.

47. PLAINTIFF was harmed by the conversion in an amount to be determined at trial, but not less than an amount in excess of $1,000,000 and possibly up to $5,000,000.

48. DEFENDANTS' conversion was intentional and malicious because of DEFENDANTS' affirmative representations to PLAINTIFF that they would compensate PLAINTIFF for the value of the shares owned by PLAINTIFF. The purpose of DEFENDANTS' representations was to induce PLAINTIFF into investing money and ideas into TEAL DRONES with no intention to ever pay PLAINTIFF for the shares he owned in TEAL DRONES and DEFENDANTS continue to wrongfully withhold monies that DEFENDANTS are not entitled to. As such, DEFENDANTS' intentional and malicious conduct should be deterred with an award of punitive damages against DEFENDANTS.

49. MATUS is, and at all relevant times was, the alter ego of TEAL DRONES. MATUS controls TEAL DRONES and wrongfully caused TEAL DRONES to intentionally or knowingly convert the valuable common stock owned by PLAINTIFF by selling the stock to RED CAT. MATUS has also personally and financially benefited from TEAL DRONES's wrongful conversion of PLAINTIFF's common stock. As a result, MATUS shares joint and several liability to PLAINTIFF resulting from TEAL DRONES's conversion.

**FIFTH CAUSE OF ACTION**
**(Breach of Fiduciary Duty by MATUS)**

50. PLAINTIFF incorporates herein by reference the allegations in paragraphs 1-49 of this Complaint.

51. As the Chief Executive Officer, Director, and/or Majority Shareholder of TEAL DRONES, MATUS owed a fiduciary duty of loyalty to PLAINTIFF as owner of 150,000 shares of common stock in TEAL DRONES.

52. MATUS's duty of loyalty included a duty to not cause the transfer, disposition, sale, or other alienation of PLAINTIFF's rights as a stockholder in TEAL DRONES without PLAINTIFF's consent and receipt of fair value in exchange for surrender of those rights.

53. MATUS knowingly or intentionally breached his duty of loyalty to PLAINTIFF by, *inter alia*, causing TEAL DRONES to sell all of its outstanding shares (including PLAINTIFF's shares) to RED CAT, without PLAINTIFF's consent and without providing any value to PLAINTIFF in return.

54. PLAINTIFF was harmed by MATUS's breach of fiduciary duty in an amount to be determined at trial, but not less than an amount in excess of $1,000,000 and possibly up to $5,000,000.

**PRAYER FOR RELIEF**

Wherefore PLAINTIFF prays for relief against TEAL DRONES and MATUS as follows:

1. For an award of expectation damages and/or equitable restitution in an amount to be proven at trial, and no less than $1,000,000 and possibly up to $5,000,000;

2. For punitive damages;

3. For pre- and post-judgment interest as provided for by law;

4. For an award of costs of suit and reasonable attorneys' fees as provided by contract and law; and

5. For such other, further relief as the Court deems just and proper.

Dated: March 14, 2022          SEIFERT ZUROMSKI LLP

                               By     /s/ Richard J. Zuromski, Jr.
                                      Richard J. Zuromski, Jr.
                                      Attorneys for Robert Stang